**FILED**

**January 22, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


Julie M.,
**Petitioner Below, Petitioner**

**vs.)  No. 20-0993** (Marion County CC-24-2020-D-AP-5)

**Michael M.,**
**Respondent Below, Respondent**


# MEMORANDUM DECISION


Petitioner Julie M., by counsel Brent Cameon, appeals the order of the Circuit Court of Marion County, entered on November 16, 2020, denying her petition for appeal from a family court order that found her sudden relocation unreasonable. [1] Respondent Michael M. appears by counsel Brianna W. McCardle.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Julie M. and Respondent Michael M. were divorced by a final order entered by the Family Court of Marion County in 2017. The family court's decree incorporated the parties' agreement to share custody of their two minor children on a "50/50" basis, and the parties maintained shared custody of the children until May 1, 2020. At the time of the divorce, Ms. M. resided in the marital home in Fairmont, while working in the food service industry at the Clarksburg location of a regional chain restaurant, and Mr. M. resided in Morgantown. Ms. M. later transferred her employment to her employer's Uniontown, Pennsylvania, location, but she continued to reside in Fairmont. Ms. M.'s employment was terminated in March of 2020. At some point after her job loss and before May 1, 2020, Ms. M. accepted employment with a national chain restaurant and relocated to Florida with her boyfriend. It does not appear that Ms. M. took the children with her. Ms. M. did not file a notice of relocation with the family court.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

Mr. M. challenged Ms. M.'s relocation (and the potential effect on the parties' parenting plan) by filing a petition for contempt with the family court. The family court converted the petition to an objection to Ms. M.'s relocation of the children and conducted a hearing in August of 2020. At the conclusion of the hearing, the family court found that Ms. M.'s relocation was neither reasonable nor in the best interests of the parties' minor children. Ms. M. appealed the family court's order to the circuit court, and the circuit court denied Ms. M.'s petition for appeal by order entered on November 16, 2020.

On appeal to this court, Ms. M. asserts three assignments of error. She argues that the circuit court erred in: (1) accepting the family court's reliance on allocation of parenting time to determine relative custodial responsibility; (2) denying the petition for appeal where the family court failed to consider "all relevant factors" to determine the best interests of the children and instead "decided that parenting time was the sole relevant factor"; and (3) accepting the family court's finding that Ms. M.'s move to Florida was not reasonable. We review these assignments of error according to the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law de novo.

Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

The questions before the Court relate to our recent explanation of the examination required of a parent's proposed relocation under the prior version of the statute, when the relocation would affect a shared custody arrangement:

> "Pursuant to West Virginia Code § 48-9-403(d)(1) (LexisNexis 2015), if a parent who is exercising a significant majority of the custodial responsibility for a child proves that a proposed relocation is in good faith for a legitimate purpose, the location of the proposed move will be presumed to be reasonable. To overcome this presumption, the opposing parent must prove that the purpose of the move is substantially achievable without moving or by moving to a location that is substantially less disruptive of the opposing parent's relationship to the child." Syl. Pt. 3, *Nicole L. v. Steven W.*, 241 W.Va. 466, 825 S.E.2d 794 (2019).

Syl. Pt. 2, *Stacey J. v. Henry A.*, 243 W. Va. 150, 842 S.E.2d 703 (2020).

If neither party exercises a significant majority of the custodial responsibility, the party seeking approval does not enjoy the presumption, but the court will reallocate custodial responsibility based on the best interests of the child if it first determines that the relocation is made "in good faith for [a] legitimate purpose and to a relocation that is reasonable in light of the

purpose[.]"[2] *See* W. Va. Code § 48-9-403(d)(2) (2015). Though Ms. M. and Mr. M. agreed to a "50/50" share of custody when they divorced, it does not necessarily follow that neither party exercises a significant majority of custodial responsibility. As we explained in recent cases, "[w]hile the parties purported to have an equal amount of custodial responsibility because they were exercising 50/50 split physical custody under their parenting plan, this Court recently observed that 'custodial responsibility consists of much more than merely providing a shelter for overnight visits.' *Nicole L.*, 241 W.Va. at 473, 825 S.E.2d at 801." *Stacey J.*, 243 W. Va. at 159, 842 S.E.2d at 712. With this background, we read Ms. M.'s assignments of error together as a charge that the family court (and then the circuit court, when it denied her petition for appeal) erred in failing to apply the presumption (based on the amount of custodial responsibility that she exercised) that the proposed relocation was reasonable, and ultimately failed to find the proposed relocation reasonable so that it merited a change in the custodial allotment.

The issue presented is one that requires thorough examination of crucial facts at each stage. The threshold inquiry requires us to determine if the facts presented to the family court established that Ms. M. exercised a significant majority of custodial responsibility to the extent that she was entitled to a presumption that her proposed relocation was reasonable. We would then proceed to determine whether Mr. M. offered sufficient evidence to rebut the presumption. Alternatively, if we found that the facts established that the parties generally shared custodial responsibility, we would consider all facts related to the necessity of the relocation and whether the family court was required to rework the custodial arrangement to accommodate the relocation. This process could proceed only with a full catalog of facts allowing us to assess the optimal outcome to further the best interests of the children. "To justify a change of child custody, in addition to a change in circumstances of the parties, it must be shown that such change would materially promote the welfare of the child." *Id.* at ___, 842 S.E.2d at 705, Syl. Pt. 4 (quoting Syl. Pt. 2, *Cloud v. Cloud*, 161 W. Va. 45, 239 S.E.2d 669 (1977)). Each stage of our examination would be governed by the overarching considerations of whether the family court made clearly erroneous findings of fact, and whether either the family court or the circuit court abused its discretion in its application of the law. *Carr*, 216 W. Va. at 475, 607 S.E.2d at 804, Syl.

The scant appendix record on appeal for this case is comprised of the petition for appeal filed with the circuit court and the response thereto, the family court and circuit court orders, the docket sheets for both courts, documentary evidence filed with the family court by Mr. M., and a transcript of the circuit court hearing, at which no evidence was taken. The parties did not include a transcript or recording of the family court hearing. Notwithstanding the want of a family court hearing transcript, Ms. M.'s argument recounts numerous facts that, she asserts, the family court failed to address. The argument, furthermore, is replete with conclusory statements about matters the family court "did not consider." We are unable to evaluate the family court's treatment of the evidence because Ms. M.'s brief does not comply with the basic instruction of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. That rule provides that

---

[2] We note that "[f]ailure to comply with the notice requirements [for relocation] without good cause may be a factor in the determination of whether the relocation is in good faith . . . ." W. Va. Code § 48-9-403(b)(5) (2015).

3

[t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with assignments of error. The argument *must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal.* The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

*Id*. (emphasis supplied).

The family court made a key finding that Ms. M.'s proposed relocation was not reasonable, in light of the otherwise good faith purpose of securing an employment opportunity, because Ms. M. could have secured a substantially similar opportunity "much closer" to the area where her children's lives are established. Ms. M. has offered no evidence showing that this was a clearly erroneous finding by the family court. This finding is dispositive to either rebut the presumption that Florida was a reasonable point of relocation or, in the alternative, to overcome the requirement that the family court modify the parties' parenting plan.[3] Having been presented with no reason to disturb the family court's findings of fact, we find no abuse of discretion in the application of the law.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 12, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton

---

[3] The family court appears to have withheld the presumption upon recognizing that the parties' parenting plan provided for a 50/50 custodial split. Our recent cases, as explained in the body of this decision, contemplate further analysis. Because the family court ultimately found that Ms. M. relocated to a place that was not reasonable in light of the purpose of the move, the family court's error, if any, did not affect the outcome.